IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| RUBY JEAN PATTERSON, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO. 3:14-CV-98-MSH |
| : | Social Security Appeal |
| CAROLYN COLVIN, : | |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

### LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff seeking Social Security disability benefits must demonstrate that he suffers from an

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity ("RFC") can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

I.  **Whether the ALJ properly considered all of Plaintiff's alleged impairments.**

II. **Whether substantial evidence supports the ALJ's decision to accord greater weight to the opinion of a non-examining specialist than to that of a treating nurse practitioner.**

III. **Whether substantial evidence supports the ALJ's finding that Plaintiff needed a cane for ambulating but not standing.**

### Administrative Proceedings

Plaintiff applied for supplemental security income on March 3, 2011, alleging disability as of February 1, 2007.  Tr. 12, ECF No. 11-2.  Plaintiff's application was denied initially and on reconsideration, and Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ").  The ALJ conducted a hearing on December 12, 2012. *Id.*  At the hearing, Plaintiff amended her alleged onset date to March 3, 2011, the date on which she filed the application.  Following the hearing, the ALJ issued an unfavorable decision on December 14, 2012.  Tr. 12-21.  The Appeals Council ultimately denied Plaintiff's Request for Review on September 26, 2014.  Tr. 1-3.  This appeal followed.

### Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Plaintiff had not engaged in substantial gainful activity as defined by the Act since the alleged onset date.  Tr. 14.  The ALJ found that Plaintiff had the severe impairments of degenerative joint disease, degenerative disc disease of the lumbar spine, depression, cocaine dependence in full remission, asthma, and status post

right foot fracture. *Id*. The ALJ then determined that Plaintiff had no impairments or combination of impairments that met or medically equaled any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

After consideration of the entire record, the ALJ found that Plaintiff retained the residual functional capacity to perform a limited range of light work with certain exertional and nonexertional limitations. Tr. 16. The ALJ found that Plaintiff's restricted RFC prevents her from resuming her past relevant work. Tr. 19. Plaintiff was a younger individual at age 47 on the alleged disability onset date. *Id.* Plaintiff has at least a high school education and the ability to communicate in English.

The ALJ found that if Plaintiff had the RFC to perform the full range of light work, the Medical-Vocational Rules (Grids) would direct a finding of "not disabled." Tr. 20. However, because Plaintiff's ability to perform all or substantially all of the requirements of light work has been impeded by additional limitations, the ALJ asked the VE whether jobs exist in the national economy for an individual with Plaintiff's age, education, work experience, and RFC. The ALJ found that the VE's testimony supported a finding that Plaintiff can perform the requirements of cashier II (DOT # 211.462-010), assembler of small parts, light fixtures (DOT # 706.684-022), and information clerk (DOT # 237.367-018) and that this work exists in significant numbers in the national economy. The ALJ therefore found that Plaintiff had not been under a disability as defined in the Act from March 3, 2011 through the date of the decision. *Id*.

5

## DISCUSSION

**I.    Did the ALJ properly consider all of Plaintiff's alleged impairments?**

In her first contention of error, Plaintiff alleges that the ALJ erred in her consideration of Plaintiff's impairments to the left knee, cervical spine, and her obesity. Pl.'s Br. 7-11, ECF No. 12. The Commissioner responds that the ALJ's decision is supported by substantial evidence in the record as a whole and that the impairments found were those proven to exist in the record. Comm'r's Br. 5-9, ECF No. 13.

Plaintiff argues that the ALJ failed to expressly consider the severity of her torn meniscus/left knee, degenerative changes in the cervical spine, and obesity. As a step two argument, this contended error is without merit because the ALJ found severe impairments at step two and proceeded through the five step sequential analysis. *Jamison v. Bowen,* 814 F.2d 585, 588 (11th Cir. 1987). "Nothing requires that the ALJ identify, at step two, all of the impairments that should be considered severe." *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 824-25 (11th Cir. 2010). As long as the ALJ finds any severe impairment there is no step two error.

Here, however, Plaintiff further contends that the RFC formulated by the ALJ fails to take into account functional limitations caused by her left knee and cervical spine problems as well as her obesity. As to what she contends is a torn meniscus in her left knee, medical evidence of record shows that her treating orthopedist, R. Scott Corpe, M.D., characterized the left meniscus tear as of "questionable clinical significance." Tr. 287. After noting stable ligaments and full range of motion to 120 degrees, Dr. Corpe found mild to moderate degenerative joint disease. Tr. 286. Both x-rays and MRIs

showed no abnormality in the bilateral knees and no significant abnormality involving the left knee in particular. Tr. 438, 439. The ALJ found degenerative joint disease as a severe impairment, which is consistent with what Plaintiff's treating specialist said about her knees, left and right, based on clinical examinations, x-rays and MRIs. There is clearly no error in how the ALJ addressed the issue of Plaintiff's left knee.

As to Plaintiff's contention that the ALJ failed to include cervical spine impairments in the RFC, it should be first noted that, as the Commissioner argues in her brief, Plaintiff did not allege disability to work as a result of neck problems when she applied for disability or at the consultative examination or in her testimony at the evidentiary hearing. Tr. 145, 359. Medical evidence of record from both her treating physicians at the Veterans Administration Medical Center and the consultative examining physician show no more than periodic muscle spasms with a full range of motion in the neck and supple musculature. Tr. 362, 422-458, 634, 721. Her assertion that the ALJ erred in how she addressed Plaintiff's cervical spine issue has no support in the record and is without merit.

Plaintiff also argues that error was committed because the ALJ did not address her obesity. Other than being asked at the evidentiary hearing how much she weighs, there is no mention of obesity in the evidence of record. Tr. 43. She did not complain of limitations on her ability to work as a result of obesity in her application, at the consultative examination, or at the hearing. Because there is no evidence that obesity limited her ability to perform any of the jobs identified by the VE at step five of the

sequential analysis, there is no error in the ALJ's failure to specifically address obesity. *James v. Barnhart,* 177 F. App'x 875, 878 (11th Cir. 2006).

II. **Does substantial evidence support the ALJ's decision to accord greater weight to the opinion of a non-examining specialist than to that of a treating nurse practitioner?**

Plaintiff's second asserted error is that the ALJ gave only limited weight to the opinions of her nurse practitioner regarding her limited ability to lift, stand, walk, and sit during a typical work day. The ALJ, however, expressly considered and discussed in her written decision the medical source statement of Dorothy Dunn, R.N. Plaintiff concedes that a nurse practitioner is not an acceptable medical source. Pl.'s Br. 11. Therefore, the issue is whether the ALJ erred in addressing the nurse practitioner's opinion as an "other source" under SSR 06-03p. "Other sources" cannot, under the Commissioner's regulations, prove the existence of a medically determinable impairment. The ALJ discounted the weight of Nurse Dunn's opinions by relying instead on the opinion of a medical doctor with a specialty in orthopedics who found Plaintiff to be significantly less limited in posture and ambulation. Such reliance is acceptable and is not error. *Freeman v. Barnhart,* 220 F. App'x 957, 961 (11th Cir. 2007).

III. **Does substantial evidence support the ALJ's finding that Plaintiff needed a cane for ambulating but not standing?**

In her final assertion, Plaintiff says the ALJ erred in not finding that she requires a cane for standing. The ALJ did include a cane for ambulation in the RFC, however, and also included in the RFC a sit/stand at will option. Tr. 46, 47. Thus, if Plaintiff cannot stand without a cane, under the RFC formulated by the ALJ she could simply sit while

working. Plaintiff has not proven that she requires a cane to stand other than by her own testimony, which has been properly discounted by the ALJ to the extent that is conflicts with the RFC. Plaintiff has not contested the decision by the ALJ to discount her testimony and thus no error is found.

## CONCLUSION

WHEREFORE, for the foregoing reasons, it is ORDERED that the determination of the Social Security Commissioner is AFFIRMED.

SO ORDERED, this 17th day of April, 2015.

/s/ Stephen Hyles
UNTED STATES MAGISTRATE JUDGE